FILED
JUN 20 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

IN THE UNITED STATED DISTRICT COURT
for the
Northern District of Ohio

|  |  |
|---|---|
| GIOVONNI MASON,<br>　　　PLAINTIFF,<br><br>　　v.<br><br>AMSHER COLLECTION SERVICES, INC.,<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br>　　　DEFENDANTS | CIVIL ACTION NO.<br><br>3:23 CV 1220<br><br>JUDGE KNEPP<br><br>MAG JUDGE CLAY |

### Jurisdiction and Venue

1. This is an action for damages arising from Defendants' violations of the Fair Debt Collection Practices Act, Public Law 95-109 Title VIII and the Fair Credit Reporting Act, Public Law 91-508 Title VI.

2. This Court has jurisdiction over this action pursuant to 28 USC § 1331.

3. Venue is proper in this district under 28 USC § 1391(b).

### Parties

4. Plaintiff is a natural person who at all relevant times has been and is a "consumer" as the term is defined under §§ 1681a and 1692a.

5. Defendant, AMSHER COLLECTION SERVICES, INC. (hereafter "Defendant A"), is a corporation that regularly conducts business as a "debt collector" as the term is defined and applied under § 1692a(6) in that they regularly attempt to collect on debts.

6. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. (hereafter "Defendant B"), is a corporation that regularly conducts business as a "consumer reporting agency" as the term is defined and applied under § 1681a(f) in that they regularly engage in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

### Undisputed Material Facts

7. On a date better known to Defendant A, Defendant A contends that Plaintiff incurred an alleged debt.

8. That alleged debt was declared defaulted and somehow transmitted to Defendant A for collections.

9. In an attempt to collect the alleged debt, and without any prior communication to Plaintiff, Defendant A reported certain personal information pertaining to said alleged debt to Defendant B (see 'Exhibit 3').

10. In doing so, Defendant A communicated information, in connection with the collection of a debt, to Defendant B, without Plaintiff's prior consent and without any legal right to do so, being that Defendant A itself is an unaffiliated 3rd party to the initial transaction, in violation of Public Law 95-109 Title VIII.

11. Defendant B recorded said communicated information unto Plaintiff's credit report without first reasonably certifying, with Defendant A, any prior proof of permissible purpose and without first verifying the truthfulness and accuracy of the furnished information in violation of Public Law 91-508 Title VI.

12. Plaintiff only became aware of the fact that Defendant A had, and communicated, certain personal information of the Plaintiff to Defendant B when Plaintiff pulled his credit report, on or about May 8, 2023, and discovered Defendant A on his report as a collection account.

13. Plaintiff, upon noticing the inaccurate collection account on the consumer report, spent approximately three hundred and eighty-four (384) hours reading the laws governing debt collection and credit reporting.

14. Upon reading and comprehending said laws to the Plaintiff's best understanding, Plaintiff contacted both Defendants via separate written correspondences on or about May 25, 2023.

15. The written correspondence, which was mailed by regular US mail, to Defendant A demanded Defendant A, amongst other things, to remove said account; pay an amount of $2,000.00 for willfully reporting information known to be false in an attempt to collect monies from Plaintiff; and delete any and all unauthorized nonpublic personal information of the Plaintiff from its database (see 'Exhibit 1').

16. The written correspondence, which was mailed by regular US mail to Defendant B, to Defendant B requested Defendant B to initiate a reinvestigation of the inaccurate collection account (see 'Exhibit 2').

17. On a date better known by Defendant B, Defendant B conducted a reinvestigation.

18. On or about June 3, 2023, Plaintiff received an email from Defendant B, the contents of which were the results of said reinvestigation stating: "DISPUTED ITEM NOT LISTED ON CREDIT REPORT" (see 'Exhibit 4').

19. The reinvestigation results led Plaintiff to believe Defendant A removed the information from the report before the initiation of the reinvestigation by Defendant B due to its non appearance on the credit report.

20. Plaintiff, in never receiving any correspondence from Defendant A, can only assume Defendant A removed the inaccurate information before the commencement of Defendant B's reinvestigation.

21. Defendant B, by law, is mandated to have certain policies and procedures in place to prevent any inaccurate information from being furnished unto consumer reports and still allowed for inaccurate information to be furnished thereby causing injury to Plaintiff.

22. Even though Defendant A May have possibly removed the collection account, Plaintiff was still personally injured by Defendant A's actions due to Defendant A's disregard for following the FDCPA, interfering with Plaintiff's property rights in his nonpublic personal information, slander of Plaintiff's name and consumer credibility.

23. Plaintiff was personally injured by Defendant B's actions due to Defendant B's failure to comply with its own procedures set by the FCRA on inaccurate reporting of consumer information.

24. As a result, Plaintiff suffered emotional distress, anxiety, shame, and loss of time attempting to understand the numerous laws, procedures and policies connected with rectifying this issue.

25. Plaintiff spent approximately seven hundred and twenty (720) hours total on reading laws governing debt collection, credit reporting, court rules and procedure, and how to properly draft letters and complaints to remedy this dilemma.

26. Defendant A had no consent whatsoever from Plaintiff to have or share Plaintiff's nonpublic personal information.

27. Defendant A attempted to use Plaintiff's nonpublic personal information for a commercial gain, byway of leveraging the negative collection account on Plaintiff's credit report to induce Plaintiff to pay Defendant A.

**Count I**
**Violation of the Fair Debt Collection Practices Act**
**Public Law 95-109 Title VIII § 1692 et seq.**

28. Plaintiff repeats, re-alleges and reasserts the allegations contained in the above paragraphs and incorporates them as specifically set forth at length herein.

29. Defendant A's actions are in violation of 15 USC § 1692c(b).

**Count II**
**Violation of the Fair Debt Collection Practices Act**
**Public Law 95-109 Title VIII § 1692 et seq.**

30. Plaintiff repeats, re-alleges and reasserts the allegations contained in the above paragraphs and incorporates them as specifically set forth at length herein.

31. Defendant A's actions are in violation of 15 USC §1692e(2).

**Count III**
**Violation of the Fair Debt Collection Practices Act**
**Public Law 95-109 Title VIII § 1692 et seq.**

32. Plaintiff repeats, re-alleges and reasserts the allegations contained in the above paragraphs and incorporates them as specifically set forth at length herein.

33. Defendant A's actions are in violation of 15 USC §1692e(8).

## Count IV
## Violation of the Fair Debt Collection Practices Act
## Public Law 95-109 Title VIII § 1692 et seq.

34. Plaintiff repeats, re-alleges and reasserts the allegations contained in the above paragraphs and incorporates them as specifically set forth at length herein.

35. Defendant A's actions are in violation of 15 USC §1692e(10).

## Count V
## Violation of the Fair Credit Reporting Act
## Public Law 91-508 Title VI § 1681 et seq.

36. Plaintiff repeats, re-alleges and reasserts the allegations contained in the above paragraphs and incorporates them as specifically set forth at length herein.

37. Defendant B's actions are in violation of 15 USC §1681e(b).

## Count VI
## Violation of the Fair Credit Reporting Act
## Public Law 91-508 Title VI § 1681 et seq.

38. Plaintiff repeats, re-alleges and reasserts the allegations contained in the above paragraphs and incorporates them as specifically set forth at length herein.

39. Defendant B's actions are in violation of 15 USC § 1681o.

## Claim for Relief

40. Plaintiff acted as his own attorney and hereby requests, in good faith, a reasonable attorney fee of $36,000.00 to cover about seven hundred and twenty (720) hours of time spent on research, documentation mitigation, litigation and mail costs.

41. Plaintiff seeks recovery of statutory damages against Plaintiff A in the amount of $1,000.00 for willful noncompliance.

42. Plaintiff seeks an additional $1,000.00 from Defendant A in restitution for invasion of Plaintiffs right to privacy and slander of Plaintiff's credibility.

43. Plaintiff seeks recovery of statutory damages against Defendant B of $1,000.00 for negligence.

44. Plaintiff requests punitive damages in the amount of $1,000.00 from Defendant A.

45. Plaintiff requests punitive damages in the amount of $1,000.00 from Defendant B.

## Jury Trial Demand

46. Plaintiff demands a jury trial on all issues so triable.

Affiant declares under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best knowledge and belief of Affiant. Executed on June 12, 2023.

By: _____
GIOVONNI MASON
606 VILLAGE LN
DEFIANCE, OH 43512
GIO24MASON@GMAIL.COM