## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

GIOVANNI MASON,                                       CASE NO. 3:23 CV 1220

      Plaintiff,

      v.                                                JUDGE JAMES R. KNEPP II

AMSHER COLLECTION SERVICES,
INC., et al.,                                         **MEMORANDUM OPINION**
                                                      **ORDER**
      Defendants.


### INTRODUCTION

*Pro* se Plaintiff Giovanni Mason brings this case against Defendants AmSher Collection

Services, Inc. and Experian Information Solutions, Inc. for violations of the Fair Credit

Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Doc. 1). Currently pending before the Court is Experian's

Motion for Judgment on the Pleadings. (Doc. 15). Plaintiff did not file an opposition within the time

period in which to do so (*see* Local Civ. R. 7.1(d)), and Experian filed a Reply (Doc. 19). Jurisdiction is

proper under 28 U.S.C. § 1331. For the reasons discussed below, Experian's motion is granted in part and

denied in part.


### BACKGROUND

Plaintiff asserts that an "alleged debt" attributed to him was defaulted and transmitted to

AmSher for collections. (Doc. 1, at ¶¶ 7-8). AmSher, without telling Plaintiff, reported "certain

personal information" regarding the debt to Experian. *Id.* at ¶ 9. Plaintiff refers to an exhibit

which shows AmSher reported a past due debt of $305. (Ex. 3, Doc. 1-4). Plaintiff asserts

AmSher communicated that information to Experian "without Plaintiff's prior consent and

without any legal right to do so." (Doc. 1, at ¶ 10). He further asserts Experian recorded said

information onto his credit report "without first reasonably certifying" with AmSher "any prior proof of permissible purpose and without first verifying the truthfulness and accuracy of the furnished information". *Id.* at ¶ 11.

Plaintiff asserts he only became aware of the communication from AmSher to Experian around May 8, 2023, when he pulled his credit report. *Id.* at ¶ 12. After some research, Plaintiff contacted both Defendants via separate written correspondence on May 25, 2023; he attaches these letters to his Complaint. *See* Exs. 1, 2, Docs. 1-2, 1-3. Plaintiff's letter to Experian stated he was disputing the AmSher collection account because he had "no record of ever receiving any communication or bill from AmSher collection services" and "no knowledge of any unpaid debts owed to AmSher[.]" (Doc. 1-3). He requested Experian "investigate and verify the validity of this account" and "inform [him] of the results of [its] investigation as soon as possible." *Id.* Plaintiff asserts Experian "conducted a reinvestigation" and that on June 3, 2023, he received an email from Experian stating that the disputed item was not listed on his credit report. (Doc. 1, at ¶¶ 17-18); (Doc. 1-5, at 2) ("DISPUTED ITEM NOT LISTED ON CREDIT REPORT.") Plaintiff asserts that because he never received any correspondence from AmSher, he "can only assume [AmSher] removed the inaccurate information before the commencement of [Experian's] reinvestigation." (Doc. 1, at ¶ 20). Plaintiff attaches what appears to be a credit report showing the item was reported in collection from December 2022 to May 2023. (Doc. 1-4).

Plaintiff contends that Experian "by law, is mandated to have certain policies and procedures in place to prevent any inaccurate information from being furnished unto consumer reports and still allowed for inaccurate information to be furnished thereby causing injury to Plaintiff." *Id.* at ¶ 21. He further contends he was "personally injured" by Experian's "failure to comply with its own procedures set by the FCRA on inaccurate reporting of consumer

information." *Id.* at ¶ 23. Plaintiff asserts he suffered "emotional distress, anxiety, shame, and loss of time", including 720 hours spent researching debt collection, credit reporting, and court rules. *Id.* at ¶¶ 24-25.

Plaintiff's Complaint asserts six counts for relief. (Doc. 1, at 3-4). As it pertains to Experian, Plaintiff asserts: (1) a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b) (Count V), and (2) a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681(o) (Count VI). *Id.* at 4.[1] He seeks damages, including statutory damages, punitive damages, and attorney fees. *Id.*

## STANDARD OF REVIEW

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). The pleadings must demonstrate sufficient factual matter that, when taken as true, states a claim which is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 470 (2007). A court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555 (a "formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at

---

1. Counts I through IV are only asserted against AmSher. *See* Doc. 1, at ¶¶ 28-35.

3

678). The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

### DISCUSSION

Experian moves for judgment on the pleadings, asserting that Plaintiff has not stated a plausible claim for relief under the Fair Credit Reporting Act. For the reasons set forth below, the Court disagrees.

In Count V, Plaintiff asserts against Experian a claim under 15 U.S.C. § 1681e(b). Experian asserts it is entitled to judgment on this claim because Plaintiff does not plausibly allege the inaccuracy of the collection account nor plausibly allege any facts connecting Experian's procedures. In Count VI, Plaintiff asserts against Experian a claim under 15 U.S.C. § 1681o. Experian asserts it is entitled to judgment on this claim because Plaintiff has not plausibly alleged any facts to support an FCRA violation or Experian's negligence.[2]

The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, seeks to protect consumers from erroneous or arbitrary credit reporting. It requires credit reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). And if a credit reporting agency negligently or willfully violates this mandate, the statute continues, an aggrieved consumer may bring suit. *Id.* at § 1681n (allowing private right of action for *willful* noncompliance); *Id.* at § 1681o (same, for *negligent* noncompliance).

---

2. Liberally construing Plaintiff's Complaint, Experian also asserts Plaintiff has not plausibly pled a claim under 15 U.S.C. § 1681b or 15 U.S.C. § 1681n. Neither is explicitly pled in the Complaint; however, the Court addresses both below.

Count V: 15 U.S.C. § 1681e(b)

"[T]o state a claim under § 1681e(b) a plaintiff must show '(1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury.'" *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 941 (6th Cir. 2020) (quoting *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004)).

*Inaccuracy*

Experian asserts Plaintiff has not plausibly alleged the first element – inaccuracy. This is so, it contends, due to his internally inconsistent allegations regarding the AmSher collection account and his equivocal descriptions thereof. Plaintiff's Complaint refers to an "alleged debt", an "inaccurate collection account", and "inaccurate information" on his credit report. (Doc. 1, at ¶¶ 7-9, 13, 21).

"[T]o state the first element of a claim under § 1681e(b), a plaintiff may allege that a [credit reporting agency] reported either 'patently incorrect' information about them *or* information that was 'misleading in such a way and to such an extent that it [could have been] expected to have an adverse effect [on the consumer].'" *Twumasi-Ankrah*, 954 F.3d at 942 (quoting *Dalton v. Capital Assoc. Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001)); *Cohen v. Trans Union*, 67 F. App'x. 325, 326 (6th Cir. 2003) ("A showing of inaccuracy is an essential element of a claim under the Fair Credit Reporting Act.").

Plaintiff's letter to Experian stated he was disputing the AmSher report, stating:

I am disputing this account because I have no record of ever receiving any communication or bill from AmSher Collection Services. Furthermore, I have no

knowledge of any unpaid debts owed to AmSher Collection Services. Therefore I request that you investigate and verify the validity of this account.

(Doc. 1-3). Plaintiff's communication to AmSher referred to "an alleged collection account" and asserted that AmSher did not have Plaintiff's "prior consent to report such information to Experian", the account "was added to the credit report contrary to the permissible purpose allowed by banking and consumer reporting laws", it was furnished to Experian "without prior consent from me or via court order". (Doc. 1-2, at 1).

Experian argues that although Plaintiff asserts the account was "inaccurate" or contained "inaccurate information", "it is unclear what, exactly, Plaintiff believes is inaccurate." (Doc. 15, at 10). It further emphasizes that Plaintiff's arguments regarding prior consent or permissible purpose do not state a claim or support a claim of inaccuracy. Although the Court agrees that it is not entirely clear, at this stage in the proceedings the Court is to view the Complaint in the light most favorable to Plaintiff and "draw all reasonable inferences in [his] favor". *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Taking the Complaint and its exhibits together with reasonable inferences, the Court finds Plaintiff has plausibly alleged that the debt reported on his credit report was not a debt he owed. *See* Doc. 1, at 7-9, 13, 21; Doc. 1-3 ("I have no knowledge of any unpaid debts owed to AmSher Collection Services."). This is sufficient to allege the inaccuracy element.

*Procedures*

Next, Experian argues Plaintiff does not plausibly allege any facts concerning the second element of such a claim – Experian's procedures. (Doc. 15, at 11) ("Rather than allege what specific procedures he challenges and how they relate to information about Plaintiff maintained by Experian, Plaintiff merely relies on the general and conclusory statement that Experian failed 'to comply with its own procedures.'") (quoting Doc. 1, at ¶ 23).

6

Again, the second element of a claim under § 1681e(b) is "the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff". *Twumasi-Ankrah*, 954 F.3d at 941.

Here, Plaintiff alleges Experian "recorded" the information AmSher communicated "without first reasonably certifying . . . any prior proof of permissible purpose and without first verifying the truthfulness and accuracy of the furnished information." (Doc. 1, at ¶ 11). He further asserts that Experian is "mandated to have certain policies and procedures in place to prevent any inaccurate information from being furnished unto consumer reports and still allowed for inaccurate information to be furnished[.]" *Id.* at ¶ 21. Finally, he alleges that his injuries are due to Experian's "failure to comply with its own procedures set by the FCRA on inaccurate reporting of consumer information." *Id.* at ¶ 24. Although this is a closer call, as with the above argument regarding inaccuracy, the Court finds Plaintiff has plausibly alleged that the reported debt was not owed, and yet was recorded by Experian, "without first verifying the truthfulness and accuracy of the furnished information." (Doc. 1, at ¶ 11). This is sufficient at this stage of the proceedings, to plead Experian "failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff". *Twumasi-Ankrah*, 954 F.3d at 941.

Count VI: 15 U.S.C. § 1681o

In Count VI, Plaintiff asserts Experian violated 15 U.S.C. § 1681o. Experian asserts it is entitled to judgment on this claim because Plaintiff "does not specify how Experian failed to comply with the FCRA or what aspect of Experian's conduct was negligent" and instead offers only legal conclusions. (Doc. 15, at 12).

Section 1681o provides for damages for negligent noncompliance with the FCRA. For the same reasons stated above, the Court finds this claim survives. The factual allegations pled

regarding Experian not "verifying the truthfulness and accuracy of the furnished information" are at least sufficient to plead negligence at this stage.

Statutory/Punitive Damages – 15 U.S.C. § 1681n

Although Plaintiff does not expressly plead a claim under § 1681n, he seeks both statutory and punitive damages against Experian. *See* Doc. 1, at ¶¶ 43, 35. As Experian points out, these are only available under the FCRA for "willful" noncompliance. *See* 15 U.S.C. § 1681n. On this point, the Court agrees with Experian that Plaintiff has not pled any facts to support that Experian took any willful, knowing, or reckless action with regard to his credit report.

Permissible Purpose – 15 U.S.C. § 1681b

Although Plaintiff does not expressly plead a claim under § 1681b, he references a lack of "permissible purpose" for Experian's recording information on his credit report.

Section 1681b identifies permissible purposes for which "any consumer reporting agency may furnish a consumer report". 15 U.S.C. § 1681b.

Defendant contends any such claim should be dismissed because Plaintiff "does not challenge Experian's basis for furnishing a consumer report", but rather only challenges Plaintiff's "recording" of the information. (Doc. 15, at 11). The Court agrees with Defendant. Plaintiff's Complaint does not identify facts to support a claim of a disclosure of a consumer report for a non-permissible purpose.

Lack of Opposition

Finally, Experian filed a Reply brief (following Plaintiff's lack of opposition), contending the Court should treat the motion "as unopposed and any argument in opposition waived." (Doc. 19, at 2). The Court declines to do so. *See Heyward v. Cooper*, 88 F.4th 648, 655 (6th Cir. 2023)

("Also consider that we've said that "a district court abuse[s] its discretion in dismissing a plaintiff's claims solely because the plaintiff failed to respond to the defendant's motion to dismiss for failure to state a claim." *Bangura v. Hansen*, 434 F.3d 487, 497 (6th Cir. 2006) (citing *Carver v. Bunch*, 946 F.2d 451, 452 (6th Cir. 1991))"); *see also Green v. City of Southfield*, 759 F. App'x 410, 417 (6th Cir. 2018) ("*Carver* simply instructs that where the adverse party has not responded to a motion to dismiss, the district court must consider the evidence presented and make a determination accordingly.").

### CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Experian's Motion for Judgment on the Pleadings (Doc. 15) be, and the same hereby is GRANTED IN PART and DENIED IN PART as set forth herein. Plaintiff's claims against Experian under 15 U.S.C. §§ 1681e(b) and 1681o will proceed.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 6, 2024